**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MATTHEW HECKLER, *et al.*,** Plaintiffs, | : | **CIVIL ACTION** |
| **v.** | : | |
| **WHOLE FOODS MARKET,** Defendant. | : | **NO. 25-3682** |

**ORDER**

AND NOW, this 19th day of November, 2026, upon consideration of Defendant Whole Foods Market Group, Inc.'s Motion for Summary Judgment (ECF No. 31), Defendant's Motion to Exclude the Testimony of Keith A. Bergman (ECF No. 32), Plaintiffs' responses thereto, and Defendant's replies, and for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

1. Defendant's Motion to Exclude the Testimony of Keith A. Bergman (ECF No. 32) is **GRANTED IN PART and DENIED IN PART** as follows:

    a. The Motion is **DENIED** to the extent that Bergman may offer testimony concerning walkway safety, mat placement and coverage, moisture tracking, applicable industry safety guidance, and the risks associated with transitions between wet matting and adjacent hard flooring, consistent with the limitations set forth in the accompanying Memorandum.

    b. The Motion is **GRANTED** to the extent that Bergman may not offer definitive opinions that moisture from the misting system reached the precise location of Mr. Heckler's fall, that the mat's placement or condition

caused the fall, that different precautions would necessarily have prevented the fall, or that Mr. Heckler's preexisting knee condition or other potential causes can be ruled out. Bergman also may not offer legal conclusions concerning either party's negligence.

c. Bergman's testimony shall otherwise be limited as set forth in the accompanying Memorandum.

2. Defendant's Motion for Summary Judgment (ECF No. 31) is **DENIED**.

BY THE COURT:

HON. MIA R. PEREZ